IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAE H. CHON,<br><br>      Plaintiff,<br>v.<br>U.S.A., *et al.*,<br><br>      Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-187-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

  Plaintiff Tae H. Chon, an inmate at the Lompoc federal correctional institution, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.[1] On June 30, 2016, the case was referred to Magistrate Judge Brooke Wells by District Judge Dee Benson.[2] In August 2016, this Court reviewed Plaintiff's initial complaint and issued a report and recommendation that Plaintiff's complaint be dismissed if Plaintiff failed to cure noted deficiencies within thirty (30) days.[3] Judge Benson thereafter adopted this Court's report and recommendation.[4] Complying with this Court's order, Plaintiff filed an Amended Complaint on October 3, 2016,[5] and a second Verified Amended Complaint

---

[1] Docket no. 3.

[2] Docket no. 18.

[3] Docket no. 25.

[4] Docket no. 28.

[5] Docket no. 27.

("Complaint") on November 10, 2016.[6] This case is now before the Court for screening of Plaintiff's Verified Amended Complaint[7] in accordance with 28 U.S.C. § 1915(e)(2).

## ANALYSIS

### *I.  Screening Standard*

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim upon which relief may be granted. "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him opportunity to amend."[8] When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[9]

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[10] However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted."[12]

---

[6] Docket no. 31.

[7] Docket no. 31.

[8] *Perkins v. Kan. Dep't. of Corr.,* 165 F.3d 803, 806 (10th Cir. 1999).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[10] *Id*.

[11] *Id*.

[12] *Id.*

2

## II.     *Plaintiff's Allegations*

Plaintiff's Complaint identifies approximately nine grounds upon which he requests relief, many of which are interrelated. The Court has done its best to parse out Plaintiff's separate claims. First, Petitioner complains of the use of the confidential informant ("CI") in his underlying case. Second, the Plaintiff argues that the government owed him an obligation to inform him of the law relating to distribution of pseudoephedrine (referred to by Plaintiff as the "retail distributor exception"). Third, Plaintiff alleges that the government improperly targeted Asian-American store owners. Fourth, Plaintiff alleges prosecutorial misconduct which prevented him from receiving a fair trial. Fifth, Plaintiff alleges the search warrant was issued without probable cause and based on fabricated and false statements. Sixth, Plaintiff alleges that his rights to a fair and direct appeal were violated. Seventh, Plaintiff alleges that he has been subjected to cruel and unusual punishment related to an injury that occurred when he fell out of his upper bunk bed and the alleged failure to provide proper medical treatment.

Plaintiff's Complaint names more than 40 individuals including, but not limited to, former Presidents Barrack Obama and George W. Bush, and Utah Attorney Generals Mark Shurtleff and John Swallow. It also generally names unknown Drug Enforcement Agency and Federal Bureau of Prisons staff.

Plaintiff seeks release from custody and expungement of his conviction, and more than $8,500,000.00 in monetary damages for bodily injuries and lost earnings.

### III.   Sufficiency of Plaintiff's Complaint

#### a. Improper Defendants

##### i. Fails to Allege Specific Allegations Against Certain Defendants

The Complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[13] Plaintiff fails to allege specific allegations that would support a claim upon which relief could be granted against the following defendants: Brent Barnes, Tracy Creno, Mark Shurtleff, John Swallow, Steve Webster, Mr. Brewers, J. Webster, D. Escalante, Mr. Heuring, Mr. Marshall, J. Morales, Ms. Blitz, and Mr. Rada.

Plaintiff has already been given an opportunity to amend his Complaint to comply with Rule 8 of the Federal Rules of Civil Procedure, and has failed to specifically allege how each of these individuals violated Plaintiff's rights. Accordingly, the Court recommends that the following defendants be DISMISSED: Brent Barnes, Tracy Creno, Mark Shurtleff, John Swallow, Steve Webster, Mr. Brewers, J. Webster, D. Escalante, Mr. Heuring, Mr. Marshall, J. Morales, Ms. Blitz, and Mr. Rada.

##### ii. Sovereign Immunity

To the extent that Plaintiff is suing defendants in their official capacity his claims are barred by the doctrine of sovereign immunity. It is well settled that suits filed against federal government employees acting in their official capacities must be construed as suits against the United States.[14] However, "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's

---

[13] *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in a civil rights action).

[14] *See Kentucky v. Graham,* 473 U.S. 159, 166-67 (1985).

jurisdiction to entertain the suit."[15] Moreover, "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed."[16]

Plaintiff does not allege that the United States has waived its immunity from suit in this instance. Further, Plaintiff fails to allege specific allegations that would support a claim upon which relief could be granted against these defendants. Thus, the Court concludes that it lacks subject matter jurisdiction to hear Plaintiff's claims against the following named federal defendants in their official capacities and recommends that those claims be DISMISSED: John D. Ashcroft, Eric Holder, Jr., Loretta Lynch, George W. Bush, and Barrack Obama.

### iii. Respondeat Superior

To state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must allege facts showing an "affirmative link" between the harm allegedly suffered and the actions of each named defendant.[17] Moreover, liability for civil rights violations cannot be based on *respondeat superior*; in other words, a defendant may not be held liable merely because of his or her supervisory position.[18] Thus, administrative or supervisory officials cannot be named as defendants in a § 1983 action without specific allegations showing that they were personally and directly involved in violating the plaintiff's rights.

In addition to failing to plead any specific allegations related to the following defendants, they were also acting within their supervisory capacity, and this Court recommends that these

---

[15] *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

[16] *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992) (citations omitted).

[17] *Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999).

[18] *See West v. Atkins,* 487 U.S. 42, 54 n. 12 (1988); *Mitchell v. Maynard*, 80 F. 3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability. . . . Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'") (internal citation omitted).

defendants be DISMISSED: John Moseman (a DEA supervisor), Captain Williams (a supervisor at FCI Lompoc), Lieutenant Foster (a supervisor at FCI Lompoc), Mr. Salandanan (administrator at FCI Lompoc), Linda Sanders (FCI Lompoc warden), and Richard Ives (FCI Lompoc warden).

### iv. Prosecutorial Immunity

A prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983.[19] Absolute immunity does not extend to actions that are primarily investigative or administrative in nature, unless those acts are necessary for the prosecutor to fulfill his function as an officer of the court.[20] Acts outside the scope of the prosecutor's role as advocate for the government are entitled only to qualified "good faith" immunity.[21]

Plaintiff has failed to allege any actions with specificity that the following defendants acted outside the scope of their duties. Accordingly, this Court recommends that the following defendants be DISMISSED: Brenda Beaton, Coleen Coebergh, Vernon Stejskal, Stewart Walz, and Brett Tolman.

### v. Judicial Immunity

The Supreme Court has recognized "a general principle of highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequence to himself.'"[22] "A judge will not be deprived of immunity because the action he took was in

---

[19] *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

[20] *Pfeiffer v. Hartford Fire Ins.*, 929 F.2d 1484, 1490 (10th Cir. 1991).

[21] *Rex v. Teeples,* 753 F.2d 840, 843 (10th Cir. 1985).

[22] *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (*citing Bradley v. Fisher,* 80 U.S. 335, 347 (1871)).

6

error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[23]

Here, Plaintiff claims that U.S. Magistrate Judge Samuel Alba violated his rights when he terminated Plaintiff's "Motions to Compel Evidence" without an opportunity to be heard, thus depriving Plaintiff of due process. Contrary to Plaintiff's assertion, the hearing on Plaintiff's Motions to Compel Evidence was terminated at the request of his counsel.[24] Nothing alleged by Plaintiff shows that Magistrate Judge Alba should be deprived of his judicial immunity. Accordingly, this Court recommends that any claims against Magistrate Judge Samuel Alba be DISMISSED.

### b. Failure to State a Claim

#### i. Heck Doctrine

A substantial portion of Plaintiff's Complaint seeks to invalidate his conviction and current confinement. In *Heck v. Humphrey*,[25] the Supreme Court held that a § 1983 suit cannot be used to undermine the validity of one's conviction or confinement.[26] *Heck* also bars § 1983 claims for damages where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction."[27] "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

---

[23] *Id.* at 356-57 (*citing Bradley*, 80 U.S. at 351).

[24] *USA v. Chon*, 2:01cr487-TS (D. Utah), Docket no. 72.

[25] 512 U.S. 477 (1994).

[26] *Id.* at 480-82 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such claim may come within the literal terms of § 1983.").

[27] *Id*. at 481-82.

7

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 18 U.S.C. § 2254."[28]

Plaintiff's present suit, in part, clearly seeks to undermine the validity of his conviction and current confinement, as prohibited under *Heck*. Plaintiff's Complaint implicitly seeks a determination that various aspects of his conviction (i.e., search and seizure, use of a confidential informant, failure to apply the "retail distributor exception," prosecutorial misconduct, lack of a fair trial) were unconstitutional. Plaintiff's direct appeal was unsuccessful, as well as his § 2255 motion. Plaintiff cannot prove that his conviction and sentence have been invalidated on direct appeal or otherwise, thus prohibiting his current claims related to his conviction and confinement under *Heck*. Accordingly, Plaintiff is unable to state a viable claim for relief under 42 U.S.C. § 1983, and this Court recommends that Plaintiff's Claims I-VI, Abuse of Process Claim, and Fraud Claim be DISMISSED.[29]

### ii. Eight Amendment

Plaintiff alleges that the prison staff improperly placed him in a freeway upper bunk from which he fell and was injured, and he also claims that prison staff interfered with his medical care following the fall. Specifically, Plaintiff complains that he was placed in a "freeway upper bunk" rather than a regular upper bunk, and that while he was sleeping in the freeway[30] bunk he

---

[28] *Id*. at 486-87 (footnote omitted).

[29] For clarity, this also dismisses all claims against the following defendants: Lynette Wingert, Keith Olson, Eliah Wisden, "Unknown #s' Named DEA Agents/Staff/Narcotic Task Force Officers," "Unknown #s' Named federal officers," and "Unknown named U.S. Marshal of DI Lynette Wingert's Spouse".

[30] A "freeway" is the walkway between a row of cells and a wall. Apparently a "freeway bunk" is a bunk bed that is along the wall next to a walkway as opposed to a bunk bed in a cell. *See Navarro v. Harrington*, 2012 WL 3071221 *1 (C.D. Cal. 2012).

fell and was injured. Plaintiff does not allege that the prison staff pushed him out of the upper bunk or caused him to fall, he merely alleges liability based on the prison staff assigning him a freeway upper bunk. After Plaintiff fell, the prison staff took Plaintiff to the local hospital to be examined. At the hospital Plaintiff was x-rayed and given a CT scan, after which Plaintiff was diagnosed by Dr. Wynn with a shoulder contusion and prescribed Ibuprofen 600 for pain. Within a few hours of leaving the hospital Plaintiff was seen by Dr. Gross at the Bureau of Prisons Health Services. Dr. Gross reviewed the ER records and spoke with the radiologist who reviewed the CT scan. Dr. Gross confirmed that all ER tests were normal, and also found that Plaintiff had discomfort moving his shoulder for which he prescribed additional medicine and issued a lower bunk slip for one month.

From what the Court can interpret from Plaintiff's Complaint, it appears Plaintiff is asserting liability against the prison staff for placing him in an upper bunk, but not actually causing his fall, claiming the doctors did not fully assess his injuries, and that the doctors were improperly influenced by the prison staff.

"For a prison official's action to violate the Eighth Amendment, two requirements must be met. First, the inmate must be deprived of a serious need. Second, the official must act with deliberate indifference to the inmate's health or safety. An official's failure to act is with deliberate indifference when that official is 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and ... also draw[s] the inference.'"[31]

Here, Plaintiff's allegations fail to state a claim under the Eight Amendment. Plaintiff has not alleged that he was deprived of a serious need, and when he was in need of medical

---

[31] *Campbell v. Singh*, 496 Fed.Appx. 774, 777 (10th Cir. 2012) (*quoting Farmer v. Brennan,* 511 U.S. 825, 837 (1994)) (internal citations omitted).

9

attention for his fall, the prison staff immediately brought him to the hospital for treatment. From what Plaintiff has alleged, there was no indifference to Plaintiff's health or safety at any time. Plaintiff's assertion that he was somehow subjected to cruel and unusual punishment is without merit. Thus, the Court finds that Plaintiff's Eighth Amendment claim is legally frivolous.[32] Accordingly, this Court recommends that Plaintiff's Eighth Amendment claim be DISMISSED.

## ORDER

Based on the foregoing, the Court hereby RECOMMENDS that Plaintiff's Verified Amended Complaint be DISMISSED under 28 U.S.C. 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[33] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[34] Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 24 April 2017.

Brooke C. Wells
United States Magistrate Judge

---

[32] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (A claim is legally frivolous if it is premised on an "indisputably meritless legal theory.")

[33] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[34] *Id.*