IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, Central DIVISION

| | |
|---|---|
| Tae H. Chon,<br><br>                    Plaintiff,<br>v.<br><br>U.S.A., et al.,<br><br>                    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-00187-DB-CMR<br><br>District Judge Dee Benson<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(B) from Judge Dee Benson (ECF 57; ECF 64). Pending before the court is Plaintiff Tae H. Chon's ("Plaintiff") motion to set aside the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF 61). The court recognizes that Plaintiff is proceeding pro se in this case and has construed his motion liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Having carefully considered Plaintiff's arguments, the undersigned recommends that Plaintiff's motion be denied because it is untimely and fails to demonstrate a right to relief.

### I.    BACKGROUND

In April 2017, the court issued a report and recommendation that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief can be granted (ECF 38), which the district court adopted (ECF 45). On June 23, 2017, the court entered judgment against Plaintiff (ECF 46). Shortly thereafter, Plaintiff filed a motion to alter or amend the judgment pursuant to Rule 59(e) (ECF 47), which the court denied (ECF 48). Plaintiff then timely filed a notice of appeal (ECF 49). In December 2017, the Tenth Circuit issued its opinion and mandate affirming in part and vacating in part the district court's judgment dismissing Plaintiff's claims

(ECF 56). The Tenth Circuit remanded the case to the district court for the limited purpose of addressing Plaintiff's First Amendment retaliation claim in the first instance (ECF 56, at 15).[1] Rather than waiting for the district court to address the limited remand issue, on July 16, 2018, Plaintiff filed the instant motion to set aside the district court's judgment, arguing that the Tenth Circuit's mandate suggests that the district court misapplied the law in dismissing his claims (ECF 61).[2]

## II.     DISCUSSION

Plaintiff seeks to set aside the court's judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure due to mistake of law (ECF 61, at 1). Under Rule 60(b)(1), the court may "relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when 'a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) whe[n] the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 722–23 (10th Cir. 2008) (quoting *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996)). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (citations and internal quotation marks omitted).

---

[1] The undersigned will address the remanded First Amendment retaliation claim in a separate report and recommendation.

[2] Plaintiff filed a motion to set aside judgment (ECF 60) and an amended motion to set aside judgment (ECF 61) on the same day. The court issued a docket text order terminating Plaintiff's initial motion to set aside (ECF 60) due to the filing of his amended motion (ECF 61), which is now before the court.

### A. Plaintiff's Rule 60(b) motion is untimely.

Plaintiff argues that his motion is timely because "it does not exceed one year from the Court's final ORDER of 7/19/2017" (ECF 61, at 1). Plaintiff is correct that generally a motion under Rule 60(b)(1) must be filed "no more than a year after entry of the judgment[.]" *See* Fed. R. Civ. P. 60(c)(1). However, "when Rule 60(b)(1) is used to challenge a substantive ruling by the district court, [the Tenth Circuit has] required that such a motion be filed within the time frame required for the filing of a notice of appeal." *Cashner*, 98 F.3d at 578. Where as here the United States is a party, the deadline to file a notice of appeal in a civil case is 60 days after entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(B)(i). Plaintiff filed his motion to set aside in July 2018 (ECF 61)—over a year after the judgment was entered in June 2017 (ECF 46). This is clearly not within the time for filing an appeal. *See Mardanlou v. Gen. Motors Corp.*, 69 F. App'x 950, 952 (10th Cir. 2003) (filing a motion "six months after the court's ruling clearly was not within the thirty-day appeal time"). Plaintiff's motion is therefore untimely.

The court finds Plaintiff's attempts to avoid this untimeliness unpersuasive. Plaintiff asserts that his "motion is cognizable as it does not attack the Court's substantive ruling, but only its procedural rulings, namely—the Court's review/application of *Heck v. Humphrey*" (ECF 61, at 1 (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). Plaintiff provides no support for his contention that a ruling applying *Heck* is procedural rather than substantive in nature.[3] Review of the magistrate judge's report and recommendation reveals that

---

[3] Plaintiff's reliance on *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006), is unavailing. It addresses the distinction between a "true" 60(b) motion and a second or successive habeas petition in outlining "the proper procedural disposition of Rule 60(b) motions in habeas cases." *See id.* This case does not involve a habeas petition, but rather, constitutional claims against various government officials (ECF 31, at ¶ 3). The *Spitznas* case is therefore inapplicable.

3

the court did in fact make a substantive ruling on the merits of Plaintiff's claims (ECF 38, 7–8), which the district judge adopted in full (ECF 45, at 2) before entering its judgment (ECF 46).

In any event, this is not the relevant distinction in determining the applicability of the deadline set forth in *Cashner* for filing a Rule 60(b) motion. *See Cashner*, 98 F.3d at 578. The Tenth Circuit has clarified that the distinction lies between "a Rule 60(b)(1) motion advancing . . . a mistake by the parties" and "one requesting reconsideration of a judge's 'substantive mistake of law or fact in the final judgment or order.'" *See Pittman v. Fox*, 766 F. App'x 705, 710 (10th Cir. 2019) (quoting *Cashner*, 98 F.3d at 578). Plaintiff's Rule 60(b) motion asserts that the district court misapprehended or misapplied controlling law (ECF 61, 1–2). Thus, Plaintiff's Rule 60(b) motion is one "asserting a judicial mistake," which "had to be filed within the time limit for taking an appeal," but was not. *See id.*

The court notes that Plaintiff filed both a timely motion to alter or amend the judgment under Rule 59(e) (ECF 47) and a timely notice of appeal (ECF 49) shortly after the judgment was entered (ECF 46). This indicates that despite being a pro se litigant, Plaintiff was well-aware of applicable deadlines for challenging the district court's rulings. Plaintiff nonetheless failed to file his motion to set aside the judgment under Rule 60(b) in a timely manner.

### B. Even if Plaintiff's Rule 60(b) motion had been timely filed, he has failed to demonstrate a right to relief.

#### 1. The mandate rule precludes Plaintiff's Rule 60(b) motion.

The mandate rule "provides that a district court 'must comply strictly with the mandate rendered by the reviewing court.'" *Orient Mineral Co. v. Bank of China*, No. 2:98-CV-238BSJ, 2010 WL 624868, at *14 (D. Utah Feb. 19, 2010), *aff'd,* 416 F. App'x 721 (10th Cir. 2011) (quoting *Ute Indian Tribe v. State of Utah,* 114 F.3d 1513, 1520–21 (10th Cir.1997)). "If the court of appeals' opinion and mandate covered the ground the movant addresses in his Rule

4

60(b) motion, the district court is bound by the mandate rule and has no authority to re-examine its final decision." *Id.* at *15.

Here, Plaintiff filed his Rule 60(b) motion to set aside the judgment seven months after the Tenth Circuit issued its mandate affirming in part and vacating in part the district court's judgment (ECF 56). Plaintiff asks this court to set aside its judgment based on a single sentence in the Tenth Circuit's order that Plaintiff uses as support for his contention that the district court "misapplied *Heck*" (ECF 61, at 2). The Tenth Circuit's mandate stated, "[o]ur independent review of the record does lend support to Mr. Chon's view that the district court did not individually assess whether Mr. Chon's claims would necessarily imply the invalidity of his conviction" (ECF 56, at 7; ECF 61, at 2). The Tenth Circuit nonetheless ruled that Plaintiff failed to preserve these arguments on appeal and affirmed the dismissal of his claims (*id.*). Thus, the Tenth Circuit's mandate covers the dismissal of Plaintiff's claims under *Heck*, which is the ground for Plaintiff's Rule 60(b) motion (ECF 61, at 2). This court is therefore bound by the Tenth Circuit's mandate and does not have the authority to re-examine its judgment in that respect. *See Orient Mineral Co.*, 2010 WL 624868, at *15.

## 2.  Plaintiff's Rule 60(b) motion improperly rehashes arguments.

The Tenth Circuit has recognized that "[i]t is improper for a court to grant relief under Rule 60(b) if, in doing so, the court simply revisits arguments which had already been raised and dismissed." *In re Ebel*, 120 F.3d 270 (10th Cir. 1997); *see also Carranza v. Mountainlands Health Clinic*, No. 2:07CV291DAK, 2012 WL 3202947, at *1 (D. Utah Aug. 3, 2012), *aff'd sub nom. Carranza v. United States*, 526 F. App'x 882 (10th Cir. 2013) ("[A] plaintiff may not merely rehash arguments that were already addressed and ruled on by the court."). Here, in objecting to the magistrate judge's report and recommendation, Plaintiff previously argued "[t]he magistrate judge misapplied *Heck v. Humphrey*" (ECF 41, at 1). The district judge reviewed this

5

objection and nonetheless adopted the report and recommendation (ECF 45, at 2) and entered judgment against Plaintiff (ECF 46). Thus, Plaintiff's arguments regarding the application of *Heck* were already raised and dismissed by the district court and are therefore not a valid basis for setting aside the judgment under Rule 60(b).

In sum, Plaintiff is seeking "to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). "Such arguments are properly brought under Rule 59(e) within ten days of the district court's judgment or on direct appeal but do not justify relief from the district court's judgment pursuant to Rule 60(b)." *Id.* Plaintiff has therefore failed to demonstrate that he is entitled to relief under Rule 60(b).

### III.　RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that Plaintiff's motion to set aside be DENIED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12 September 2019.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

6