IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAE H. CHON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | MEMORANDUM DECISION & ORDER<br>OVERRULING OBJECTION<br>AND<br>ADOPTING REPORT AND<br>RECOMMENDATION<br><br><br><br>Case No. 2:16-cv-187 DB CMR |

Before the court is the Report and Recommendation issued by United States Magistrate Judge Cecelia M. Romero on September 12, 2019, recommending that Plaintiff Tae H. Chon's Rule 60(b)(1) motion be denied on the grounds that the motion is untimely and fails to demonstrate a right to relief. (Dkt. 67.)

The parties were notified of their right to file objections to the Report and Recommendation within fourteen (14) days after receiving it. On September 26, 2019, Mr. Chon requested and was thereafter granted an extension of time to object. (Dkts. 68 & 69.) On December 3, 2019, Mr. Chon filed his Objection to the Magistrate Judge's Report and Recommendation. (Dkt. 70.) Because Mr. Chon has objected, the court reviews the Report and

Recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

> In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] is not to give any special weight to the [prior] determination . . . ." The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.

*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967)).

## **BACKGROUND**

For purposes of this Order, the relevant background facts are as follows. In April 2017, a magistrate judge issued a Report and Recommendation in this case, recommending the dismissal of all of Mr. Chon's claims. (Dkt. 38, dated April 24, 2017.) Mr. Chon filed three separate documents containing objections to the Report and Recommendation, on May 11, May 15, and June 14, 2017. (Dkts. 41, 43, 44.) This court adopted the Report and Recommendation over Mr. Chon's objections. (Dkt. 45, Order Adopting Report and Recommendation, dated June 20, 2017.) On June 23, 2017, the court entered judgment against Mr. Chon. (Dkt. 46.)

Mr. Chon filed a timely motion to alter or amend the judgment pursuant to Rule 59(e), which this court denied on July 19, 2017. (Dkts. 47 & 48, respectively.) On July 31, 2017, Mr. Chon filed a timely notice of appeal. (Dkt. 49.)

On January 30, 2018, the United States Court of Appeals for the Tenth Circuit issued its mandate affirming in part and vacating in part this court's June 2017 Judgment dismissing all of Mr. Chon's claims. (Dkt. 56.) More specifically, Tenth Circuit stated: "[W]e **REMAND** the case to the district court with instructions to **VACATE in part** its judgment and address in the

first instance the merits of Mr. Chon's First Amendment retaliation claim, and **AFFIRM in part** the district court's judgment dismissing Mr. Chon's remaining claims under *Heck*." (Dkt. 56 at 15.)[1]

Rather than waiting for the district court to address the specifically defined issue on remand, in July 2018, Mr. Chon filed a Motion to Set Aside the Court's Judgment Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure due to this court's mistake of law. (Dkt. 61 at 1-2.)[2] More specifically, Mr. Chon's motion seeks to set aside this court's June 2017 Judgment – the same Judgment that was appealed by Mr. Chon in July 2017 and ruled upon by the Tenth Circuit in January 2018. As a basis for the motion, Mr. Chon quotes language from the Tenth Circuit's mandate indicating that the district court misapplied *Heck v. Humphrey*, 512 U.S. 477 (1994), when it dismissed Mr. Chon's abuse of process claims. (Dkt. 61.)

## DISCUSSION

Having reviewed all relevant materials, including Mr. Chon's Objection to the Report and Recommendation, the record that was before the magistrate judge, and the reasoning set

---

[1] On remand, the case was once again referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), with specific instructions, consistent with the Tenth Circuit mandate, to "'consider [Mr. Chon's] First Amendment retaliation claims,' including whether 'all potential defendants would be shielded from liability with respect to [Plaintiff's] First Amendment retaliation claim.'" (Dkt. 57.)

[2] On July 11, 2018, Mr. Chon signed and submitted both a Motion to Set Aside Judgment Due to Mistake (Dkt. 60) and an Amended Motion to Set Aside Judgment (Dkt. 61). Although the two documents were signed and submitted on the same day, the court received and filed the initial motion (Dkt. 60) on July 16, 2018, and received and filed the Amended Motion (Dkt. 61) on July 19, 2018. In light of the subsequently filed and expressly captioned "Amended Motion," the magistrate judge terminated Mr. Chon's initial motion to set aside judgment, and based the Report and Recommendation that is now before the court on Mr. Chon's Amended Motion.

forth in the magistrate judge's Report and Recommendation, the court agrees with the legal analysis and conclusion of the magistrate judge recommending that Mr. Chon's Rule 60(b)(1) motion be denied. Accordingly, and for the reasons set forth below, the court adopts the Report and Recommendation over Mr. Chon's Objection.

Mr. Chon's Rule 60(b)(1) Motion

Mr. Chon's Rule 60(b) motion begins with the assertion that the motion is both "cognizable" and "timely" because (a) "it does not attack the Court's substantive ruling, but only its procedural rulings, namely – the Court's review/application of Heck v. Humphrey," and (b) "it does not exceed one year from the Court's final ORDER of 7/19/2017." (Dkt. 61 at 1.)[3] The Magistrate Judge concluded, and this court agrees, that both assertions are erroneous and without merit.

Mr. Chon's claim that his motion is "cognizable" because it attacks only the court's *procedural* rulings rather than its *substantive* rulings is incorrect in at least two ways. First, the 2017 Judgment Mr. Chon's seeks to "set aside" was based on substantive (rather than procedural) rulings on the merits of Mr. Chon's *Heck*-related claims. On pages seven and eight of the Report and Recommendation dated April 24, 2017, the magistrate discussed Mr. Chon's claims in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. 38.) Thereafter, when this court entered its Order Adopting the Report and Recommendation in its entirety (Dkt. 45), those substantive rulings became the basis for the court's 2017 Judgment.

Second, the significance Mr. Chon places on the distinction between attacking the court's

---

[3] The Order to which Mr Chon refers is the court's July 19, 2017 Order denying Mr. Chon's Motion to Alter or Amend Judgment Pursuant to Rule 59(e). (Dkt. 48.)

4

*procedural* rulings versus its *substantive* rulings is entirely misplaced. When filing a motion pursuant to Rule 60(b)(1) based on mistake, as Mr. Chon does here, the relevant distinction is not whether the mistake was *procedural* or *substantive*, but whether the mistake was made by a party or by the court. *See Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996). The Tenth Circuit has expressly stated: "The 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." *Id.* at 576.

With regard to the timeliness Mr. Chon's motion, the Tenth Circuit has established that when a Rule 60(b)(1) motion is based on a judicial mistake, the motion must be filed "within the time frame required for the filing of a notice of appeal." *Cashner*, 98 F.3d at 578.[4] Mr. Chon, however, filed his Rule 60(b) motion alleging judicial mistake in July of 2018, over six months *after* his appeal had been decided by the Tenth Circuit. (Dkt. 60 (amended and replaced by Dkt. 61).) Because Mr. Chon failed to file his Rule 60(b)(1) motion "within the time frame required for filing a notice of appeal," the court concludes, as did the magistrate judge, that Mr. Chon's motion is untimely.

The magistrate judge also concluded that "even if [Mr. Chon's] Rule 60(b) motion had been timely filed, he [ ] failed to demonstrate a right to relief." (Dkt. 67 at 4.) The court agrees with the magistrate judge's legal analysis and conclusion.

---

[4] The magistrate judge noted that when the United States is a party, as in this case, the deadline to file a notice of appeal in a civil case is 60 days after entry of the judgment. (Dkt. 67 at 3 (citing Fed. R. App. P. 4(a)(1)(B)(i).)

As the magistrate judge explains in the Report and Recommendation, "[Mr. Chon] asks this court to set aside its judgment based on a single sentence in the Tenth Circuit's order that [Mr. Chon] uses as support for his contention that the district court "misapplied *Heck*." (Dkt. 61 at 2.) Specifically, Mr. Chon relies on the following sentence: "Our independent review of the record does lend support to Mr. Chon's view that the district court did not individually assess whether Mr. Chon's claims would necessarily imply the invalidity of his conviction." (Dkt. 56, Order and Judgment at 7.)

However, Mr. Chon fails to include the significant language that immediately follows, wherein the Tenth Circuit explains:

> However, preservation concerns fatally undercut Mr. Chon's efforts to secure relief on these claims. Although Mr. Chon properly preserved his *Heck* objections as to his abuse-of-process claim, he waived them by inadequately arguing them on appeal. And as for Mr. Chon's allegedly *Heck*-barred civil-rights claims, the merits of those claims are not properly before us because Mr. Chon failed to preserve them in the manner that our firm-waiver rule demands.

(*Id.* at 7-8.)

In accord with the foregoing language, the mandate concludes its discussion with a brief summary of its prior statements:

> In sum, Mr. Chon failed to preserve through inadequate appellate briefing his *Heck*-based contentions of reversible error with respect to the district court's ruling regarding his abuse of process claim and he cannot proceed on like arguments with respect to his civil-rights claims because they are barred by the firm-waiver rule. We therefore affirm the *Heck* aspects of the district court's judgment.

(*Id.* at 12.) Given these clear and explicit statements by the Tenth Circuit, and viewing Mr. Chon's selective quotation in its proper and context, the magistrate judge concluded and this

6

court agrees, that the Tenth Circuit's mandate directly and conclusively addressed the dismissal of Mr. Chon's *Heck*-based claims; the same claims that provide the exclusive basis for his Rule 60(b) motion. (*See* Dkt. 61 at 2.)

Additionally, the court agrees with the magistrate judge's conclusion that given the Tenth Circuit's assessment of Mr. Chon's *Heck*-based claims, this court is "bound by the Tenth Circuit's mandate and does not have the authority to re-examine its judgment." (Dkt. 67 at 5; citing *Orient Mineral Co. v. Bank of China*, No. 2:98-CV-238-BSJ, 2010 WL 624868, at *15 (D. Utah Feb. 19, 2010), *aff'd*, 416 F. App'x 721 (10th Cir. 2011).) *See* 1B James Wm. Moore, et al., Moore's Federal Practice ¶ 0.404[1] (2d ed. rev. 1996) ("When a case is appealed and remanded, the decision of the appellate court establishes the law of the case, which *must* be followed by the trial court on remand." (emphasis in original))

<u>Mr. Chon's Objection to the Report and Recommendation</u>

Mr. Chon's Objection asserts that the Report and Recommendation "overlooked the Tenth Circuit's mandate and misconstrued the mandate's statement that 'Mr. Chon properly preserved his Heck objections as to his abuse-of-process claims.'" (Dkt. 70, Objection at 2.)

Mr. Chon's assertion that the magistrate judge "overlooked" and "misconstrued" the mandate is based on a quotation consisting of only one-half of a sentence in the Tenth Circuit's mandate. Although the mandate does, in fact, include the words "Mr. Chon properly preserved his *Heck* objections as to his abuse of process claim," the complete sentence reads: "Although Mr. Chon properly preserved his *Heck* objections as to his abuse of process claim, he waived them by inadequately arguing them on appeal." (Dkt. 56 at 7 (citations omitted).) In other

7

words, even if Mr. Chon preserved his *Heck* objections, the Tenth Circuit nonetheless dismissed the claims on the basis of waiver. (*Id.*; *see also id.* at 3-4 (explaining: "Mr. Chon's arguments as to the district court's dismissal of the majority of Mr. Chon's claims are waived. We agree with Mr. Chon, however, that both the magistrate judge and the district court failed to expressly analyze and resolve his First Amendment retaliation claim").)

Mr. Chon's additional objections raise new arguments and legal theories that were not part of his Rule 60(b) motion and therefore not before the magistrate judge. First, Mr. Chon asserts that the untimeliness of his Rule 60(b) motion is irrelevant because "under 42 U.S.C. § 1983, the Court can still grant [ ] injunctive and declaratory relief because of [the] continuing violation doctrine" (Dkt. 70 at 3). Second, Mr. Chon asserts that "even if the mandate rule precludes the relief sought by his Rule 60(b) motion, the 'law of the case' doctrine has three exceptions," all of which are satisfied, "that [would] allow [this] court to act contrary to the appellate decision" and resolve his abuse of process claims. (Dkt. 70 at 1-2, 4). These new theories consist almost entirely of legal statements and conclusions, devoid of factual support or analysis. Moreover, they improperly exceed the scope of the Rule 60(b) motion that was before the magistrate judge and are therefore overruled.

## **CONCLUSION**

It is therefore ORDERED as follows:

1. Plaintiff's Objection (Dkt. 70) is OVERRULED;

2. The Magistrate Judge's Report and Recommendation (Dkt. 67) is ADOPTED IN FULL; and

3. Mr. Chon's Amended Motion to Set Aside Judgment (Dkt. 61) is

8

DENIED.

DATED this 6th day of February, 2020.

_____
Dee Benson
United States District Judge